IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAQUILLE RONZELL DIGGINS,   )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.   )<br>  )<br>JOHN COE, C/O TRAVIS OCHS, C/O  )<br>MICHAEL GILREATH, JERRY  )<br>TANNER, WARDEN STEPHEN  )<br>DUNCAN, JOSEPH YURKOVICH,  )<br>WEXFORD HEALTH SOURCES, INC.,  )<br>JOHN DOE 1, JOHN DOE 2, and  )<br>WEXFORD DOE 1 THROUGH  )<br>WEXFORD DOE 20,   )<br>  )<br>  Defendants.  ) | Case No. 3:16-CV-242-NJR-DGW |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court are the Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant John Coe (Doc. 35) and Defendants Michael Gilreath and Travis Ochs (Doc. 39).

### INTRODUCTION

Plaintiff Shaquille Ronzell Diggins filed this lawsuit on March 7, 2016 (Doc. 1) and is now proceeding on his First Amended Complaint, claiming that on November 23, 2015, he was subjected to a strip search and an intrusive and painful anal cavity search while imprisoned at Lawrence Correctional Center. Diggins alleges that when he complained about the search, prison officials placed him in segregation for eight days.

Diggins is proceeding on three counts pursuant to 42 U.S.C. § 1983 for cruel and

unusual punishment (Count 1), unlawful search (Count 2), and retaliation (Count 3). Diggins also brings state law claims of intentional infliction of emotional distress (Count 4), assault and/or battery (Count 5), and negligence (Count 6). Prior to the filing of the First Amended Complaint, Defendants Coe, Gilreath, and Ochs (who were the only original Defendants) filed the instant pending motions. Because the First Amended Complaint does not change the substance of Diggins's claims, and Defendants have not sought to supplement their motions, the motions are ripe for a ruling. An evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir, 2008), is not required because there are no material facts in dispute.

## BACKGROUND

The undisputed evidence reveals that on November 23, 2015, Diggins submitted an emergency grievance stating that he was forcibly subjected to a cavity search performed by Dr. Coe while Correctional Officers Gilreath and Oche held him down (Doc. 40-1, pp. 1-2). When Diggins complained about the search and asked to see the Warden, he was taken to segregation (*Id.*).

On December 2, 2015, Diggins sent a letter to the Administrative Review Board ("ARB") indicating that he submitted two emergency grievances about the November 23, 2015 incident but that he received no responses (Doc. 40-2). The ARB responded on December 15, 2015, asking Diggins to supplement his letter with a copy of the response from the Warden to his grievances (Doc. 40-3). It is undisputed that Diggins never received a response to his emergency grievance from the Warden.

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate "that

there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit

instructed district courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a plaintiff has not exhausted, the Court may either allow the plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

An inmate may also request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date

of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*.

## DISCUSSION

Defendants' sole argument is that Diggins filed suit prior to a final decision on the merits of his grievance by the ARB. They argue that by failing to provide the material requested by the ARB—most notably the institutional response—Diggins filed suit too early.

Defendants' argument lacks merit because there is no evidence that the Warden at Lawrence *ever* responded to Diggins's grievance. *See Lewis*, 300 F.3d at 833 (holding that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances). Diggins submitted an emergency grievance on November 23, 2015, and wrote to the ARB on December 2, 2015. He did not file suit until March 7, 2016—more than 90 days after he submitted his emergency grievance. Inmates are not required to wait indefinitely for a response to an emergency grievance. *See id.* (holding the PLRA does not allow prison officials to "exploit the exhaustion requirement through

indefinite delay in responding to grievances"). Considering that the emergency grievance process is designed to remedy imminent dangers, Diggins was justified in expecting a response in an expedited manner. Even grievances submitted under the normal grievance procedure must be responded to within two months of being filed. ILL. ADMIN. CODE TIT. 20, § 504.830(d). When 90 days passed by without a response to his emergency grievance, Diggins was justified in filing suit.

By failing to respond the grievance in the first instance, the process was rendered unavailable, and Diggins is deemed to have exhausted. That Diggins may have written to the ARB prior to receiving a response from the Warden is wholly irrelevant. He was not required to appeal to the ARB at all if he had not received a response from the Warden in the first place.

## CONCLUSION

For these reasons, the Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant John Coe (Doc. 35) and Defendants Michael Gilreath and Travis Ochs (Doc. 39) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** February 7, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**