# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHAQUILLE RONZELL DIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:16-CV-242-NJR-DGW** |
| | ) | |
| **JOHN COE, C/O TRAVIS OCHS, C/O** | ) | |
| **MICHAEL GILREATH, JERRY** | ) | |
| **TANNER, WARDEN STEPHEN** | ) | |
| **DUNCAN, JOSEPH JURKOVICH,** | ) | |
| **WEXFORD, JOHN DOE 1 and JOHN** | ) | |
| **DOE 2, and WEXFORD DOE 1** | ) | |
| **THROUGH 20,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion to Dismiss filed by Defendants John Coe and Wexford on August 31, 2016 (Doc. 46). For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff Shaquille Diggins, an inmate housed at Shawnee Correctional Center, is proceeding on a number of claims, including three state law claims for intentional infliction of emotional distress (Count 4), assault and battery (Count 5), and negligence (Count 6). Diggins alleges these claims against Dr. John Coe, Wexford, and the Wexford Doe Defendants[1] based on an allegedly painful and humiliating rectal cavity search performed by Defendant Dr. John Coe. Diggins claims that the search was conducted

---

[1] These Defendants have not been identified, nor has anyone entered an appearance for them. The claims against them, however, are identical to the claims against Wexford. For the sake of expediency, both Defendants will be treated as one and the same for purposes of this Order only.

without his consent or any penological justification and was only performed to humiliate and punish him. Defendants argue, briefly, that these claims require an affidavit as required by Illinois' Healing Art Malpractice Act.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL.COMP.STAT. § 5/2-622(a) (as amended by P.A. 97-1145, effective January 18, 2013) (hereinafter "§ 5/2-622"). A separate affidavit and report should be filed as to each defendant. *See* 735 ILL.COMP.STAT. § 5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL.COMP.STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound

discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.; see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. 2007).

In this case, Defendants argue that, regardless of the labels assigned to Counts 4 through 6, Diggins is asserting medical negligence claims that require an affidavit. Because Diggins has not filed an affidavit in support of his amended complaint as to any Defendant, his claims should be dismissed.

The Court disagrees with Defendants as to Counts 4 and 5. Not every act committed by a physician implicates the statute and triggers the affidavit requirement. *See Cohen v. Smith*, 648 N.E.2d 329, 333-334 (Ill. App. Ct. 1995) ("The fact that the defendants attempt to shield themselves from the plaintiffs' claim by calling this action a medical malpractice claim does not transform it into one. The question is whether "the plaintiff seeks damages for injuries * * * by reason of medical, hospital, or other healing art malpractice . . . not whether the incident complained of . . . involved some medical treatment."). If a plaintiff has not alleged any deviation from appropriate medical standards, then the claim is not based upon medical or other healing arts malpractice and is not subject to the requirements of § 5/2-622. *Fiala v. Bickford Sr. Living Group, LLC*, 43 N.E.3d 1234, 1241-44 (Ill. App. Ct. 2015).

In Count 4, Diggins alleges that Dr. Coe committed the tort of intentional infliction of emotional distress by "engag[ing] in extreme and outrageous conduct when

[ ] [he] digitally searched Diggins' rectum without cause or justification" (Doc. 43, p. 11).
In Count 5, Diggins alleges that Dr. Coe committed assault and battery by placing him in
apprehension of and by touching him in a "harmful and offensive manner" (*Id.*, p. 12).
Thus, Counts 4 and 5 allege intentional torts on the part of Dr. Coe that are unrelated to
any deviation from appropriate medical standards. Because they do not sound in
malpractice, Counts 4 and 5 do not require a § 5/2-622 affidavit.

In Count 6, Diggins alleges that Wexford negligently failed to train Dr. Coe on the
appropriate manner to conduct digital rectal examinations "to the extent that an
unlawful search can ever be conducted appropriately." Diggins also claims Dr. Coe
conducted the search negligently by failing to use lubrication, and by taking an
extraordinarily long time to conduct the search.

Diggins is required to submit an affidavit to the extent he is claiming negligence
with respect to the performance of a medical procedure. *See, e.g.*, *Dawson v. United States*,
No. 3:16-CV-00827-DRH-SCW, 2017 WL 977822, at *2 (S.D. Ill. Mar. 14, 2017); *Barrow v.
Wexford Health Sources, Inc.*, No. 14-CV-00800-NJR, 2014 WL 4267489, at *5 (S.D. Ill. Aug.
28, 2014). Thus, his claim that Dr. Coe conducted the rectal search negligently requires
an affidavit. Furthermore, according to the amended complaint, Wexford supplies
medical personnel for the Illinois Department of Corrections who perform medical
procedures, including digital rectal searches. Diggins claims Wexford is responsible for
training doctors like Dr. Coe in proper medical procedures, but negligently failed to do
so. By asserting that Wexford failed to train Dr. Coe in a medical procedure, Diggins

necessarily is asserting a claim that requires an affidavit.[2] *See Jacobs v. Rush N. Shore Med. Ctr.*, 284 Ill. App. 3d 995, 1000, 673 N.E.2d 364, 367 (Ill. 1996) (where complaint alleged hospital's negligent failure to train, affidavit along with report detailing the involvement of each defendant, not just a "generalized conclusion of malpractice," was required). As such, Count 6 is dismissed without prejudice.

For the reasons set forth above, the Motion to Dismiss filed by Defendants John Coe and Wexford on August 31, 2016 (Doc. 46) is **GRANTED in part and DENIED in part**. Count 6, along with Wexford and Wexford Doe Defendants 1-20, are **DISMISSED without prejudice**. Counts 1 through 5 remain in this suit.

**IT IS SO ORDERED.**

**DATED:   April 28, 2017**

s/Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] Of course, such an affidavit would not be required if Diggins pleaded a failure to train claim (*i.e.*, a policy and practice claim) pursuant to 42 U.S.C. § 1983 and the Eighth Amendment.