**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHAQUILLE DIGGINS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:16-CV-242-NJR** |
| **JOHN COE,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for New Trial filed by Plaintiff Shaquille Diggins under Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 150). For the following reasons, the motion is denied.

**BACKGROUND**

Diggins filed this lawsuit under 42 U.S.C. § 1983, alleging Defendant Dr. John Coe violated his constitutional rights, as well as Illinois state law, while he was an inmate in the Illinois Department of Corrections (Doc. 1). On November 23, 2015, Diggins and other inmates on his wing at Lawrence Correctional Center underwent strip searches because correctional officers were looking for contraband—specifically, drugs (Doc. 113 at p. 2). When the strip search of Diggins revealed a white material that appeared to be a string in his buttocks, prison officials took Diggins to the Healthcare Unit where standard procedure directed that the healthcare staff perform an anal cavity search (*Id.*).

Defendant Dr. Coe performed the search, which Dr. Coe testified lasted only a few seconds (*Id.*). Diggins, on the other hand, testified the search took a minute and a half to

two minutes and that he did not feel any lubrication (Doc. 147 at pp. 88, 92-93). Diggins

stated that the search caused pain that lasted throughout the night (Doc. 102-1 at p. 14).

The search revealed flecks of wet toilet paper but no contraband (*Id.* at p. 150).

Diggins's First Amended Complaint alleged an Eighth Amendment cruel and

unusual punishment claim, a Fourth Amendment unreasonable search claim, as well as

state law claims for intentional infliction of emotional distress and assault and battery

against Dr. Coe (Doc. 43). Defendants later moved for summary judgment, which the

Court granted in part (Doc. 113). Specifically, with regard to the Fourth Amendment

claim, the Court found there was "no question there was a legitimate penological

justification for the digital, anal cavity search." (Doc. 113 at p. 6). Not only has the United

States Supreme Court and the Seventh Circuit found that preventing drug smuggling

into prison is a legitimate penological interest, but, in this case, it was undisputed that an

officer, upon visual inspection, saw something suspicious in or around Diggins's anus

(*Id.*). Nevertheless, the Court denied summary judgment to Dr. Coe, as there were

genuine issues of material fact regarding whether the legitimate search was performed in

an objectively reasonable manner (*Id.* at p. 12). The Court observed that it was possible

for a jury to find that the purported length of the search and the lack of lubrication

rendered the search unreasonable (*Id.* at p. 13).

The case was tried to jury in November 2018, and the jury found in favor of

Dr. Coe. The Court entered judgment on the jury's verdict on November 7, 2018

(Doc. 144). Diggins now argues he is entitled to a new trial due to a prejudicially defective

jury instruction on his claim that Dr. Coe violated his Fourth Amendment rights by

conducting an unlawful anal cavity search. Specifically, Diggins asserts that the instruction was defective because it placed undue weight on two specific factors for the jury to consider in determining whether the cavity search was reasonable.

## LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure allows the Court to grant a new trial on all or some of the issues, for any reason for which a new trial has been granted in federal court. FED. R. CIV. P. 59(a)(1)(A). "In ruling on a motion for new trial under Rule 59(a), the Court must determine whether the jury verdict was against the weight of the evidence or if the trial was unfair to the moving party." *Purtell v. Mason*, No. 04 C 7005, 2006 WL 2037254, at *3 (N.D. Ill. July 18, 2006) (citing *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)).

To win a new trial based on an erroneous jury instruction, Diggins must show that (1) the instruction did not adequately state the law and (2) the error prejudiced him because the jury was likely to be confused or misled. *Boyd v. Illinois State Police*, 384 F.3d 888, 894 (7th Cir. 2004). Even if the jury was misled by a deficient instruction, the Court must find that Diggins was prejudiced as a result. *Jimenez v. City of Chicago*, 732 F.3d 710, 717 (7th Cir. 2013). An erroneous jury instruction is not prejudicial unless, "considering the instructions as a whole, along with all of the evidence and arguments, the jury was misinformed about the applicable law." *Boyd*, 384 F.3d at 894 (quoting *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001)).

## DISCUSSION

At trial, the Court gave the jury the following instruction on Diggins's claim that Dr. Coe violated his Fourth Amendment right to be free from unreasonable searches:

To succeed on his claim that Dr. Coe violated his right to be free from unreasonable searches, Mr. Diggins must prove by a preponderance of the evidence that Dr. Coe's manual search of Mr. Diggins's rectum was unreasonable under the circumstances.

In determining whether Dr. Coe's manual search of Mr. Diggins's rectum was reasonable or unreasonable, you should consider all of the surrounding circumstances. Some factors you may consider, which are not intended to limit you from considering all factors you determine bear on the matter, include:

- The manner in which Dr. Coe conducted the search, including his use or non-use of lubrication, and the duration of the search.

- Where the search was conducted.

If you find that Mr. Diggins has by a preponderance of the evidence proven that Dr. Coe's manual search of Mr. Diggins's rectum was unreasonable under the circumstances, then you must decide for Mr. Diggins, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Diggins has failed to prove by a preponderance of the evidence that Dr. Coe's manual search of Mr. Diggins's rectum was unreasonable under the circumstances, then you must decide for Dr. Coe on this claim, and you will not consider the question of damages with respect to this claim.

Counsel for Diggins timely objected to the instruction at trial (Doc. 146 at p. 4).

Counsel argued that there are two things required for a search of an inmate to be

constitutionally permissible: a legitimate penological purpose and that the search was

reasonable under the circumstances (*Id.*). Counsel asserted that the reasonableness prong

requires a totality of the circumstances inquiry, and while the instruction as given by the

Court directs the jury to consider all of the surrounding circumstances, it then only listed

two factors—the manner of the search and where the search was conducted (*Id.*). Instead,

counsel argued, the jury also should have been instructed to consider (1) whether Dr. Coe

had reason to believe Diggins had contraband concealed in his rectum at the time of the

search, and (2) whether Dr. Coe was ordered by prison officials to conduct the search (*Id.* at pp. 4-5).

In response, Dr. Coe argues that the instruction as given adequately stated the law and was not prejudicial to Diggins. Because the Court already determined, as a matter of law, that there was a legitimate penological justification for the search, Diggins could not have been prejudiced by the exclusion of any reference to Dr. Coe's justification for initiating the search. Dr. Coe further argues that the issue of who ordered the search is irrelevant, as the Court previously determined that Defendants' inability to point to a written or verbal command to conduct the search does not rise to the level of a constitutional violation.

Determining whether a search is "reasonable" under the Fourth Amendment "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1271 (7th Cir. 1983) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Here, as argued by Defendants, the Court already found as a matter of law that there was a legitimate penological justification for the anal cavity search (Doc. 113 at p. 6). Thus, the jury did not need to consider whether Dr. Coe believed Diggins had contraband concealed in his rectum or whether Dr. Coe was ordered by prison officials to conduct the search. Instead, the issue for the jury was whether that legitimate search was reasonable given its manner, scope, and location.

Even if Dr. Coe's justification for initiating the search was a factual issue for the jury to resolve, Diggins was not prejudiced by the omission of his proposed factors, as the instruction directed the jury to consider *all* of the surrounding circumstances. Moreover, the testimony at trial on these factors weighed in favor of Dr. Coe. For example, Dr. Coe testified that he believed Diggins may have had contraband—potentially something toxic or even fatal—concealed in his rectum because the tactical team sent him to medical for that reason (Doc. 147 at pp. 167-68). He further testified that only he could decide to conduct the exam for medical purposes; prison officials could not order him to do the search (*Id.* at p. 163). Thus, when determining whether the anal cavity search was reasonable, the jury would have considered that Dr. Coe decided to conduct the exam for medical purposes because he believed it was possible Diggins had concealed life-threatening contraband in his rectum. This evidence weighs in favor of the search being reasonable; highlighting these factors for the jury would not have helped Diggins.

## Conclusion

Because the instruction given to the jury adequately stated the law and was not prejudicial to Diggins, his Motion for New Trial (Doc. 150) must be **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 14, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**